LEWIS F. SHELTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shelton v. Commissioner
Docket No. 6081-82.
United States Tax Court
T.C. Memo 1983-38; 1983 Tax Ct. Memo LEXIS 742; 45 T.C.M. (CCH) 555; T.C.M. (RIA) 83038; January 24, 1983. Lewis F. Shelton, pro se. Deborah A. Butler and Helen T. Repsis, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: This matter is before the Court on respondent's motion for partial summary judgment, filed on October 26, 1982, pursuant to Rule 121 [1] and heard by the Court on December 6, 1982, at Albuquerque, New Mexico. Petitioner was a legal resident of New Mexico when he filed his *743 petition. Respondent determined deficiencies in petitioner's Federal income taxes, as well as additions to tax, as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
6653(a)
6654(a)
1973
$2,696
$599
$150 $72
Sec. 6653(b)
1975
27,562
$13,781  In his answer to the petition, respondent alleged facts designed to show that at least part of the 1975 deficiency was "due to fraud" within the meaning of section 6653(b). Petitioner filed no reply and, pursuant to Rule 37(c), respondent moved that the undenied allegations in respondent's answer be deemed admitted. On August 11, 1982, this Court entered an order granting that motion. Thereupon, respondent filed the motion for partial summary judgment asking that the Court hold that respondent is entitled as a matter of law to judgment that petitioner is liable for the section 6653(b) addition to tax for 1975. Respondent has the burden of proving that at least some portion of petitioner's underpayment of tax in 1975 was due to fraud with intent to evade tax. Sections 7454(a); 6653(b); Rule 142(b). Respondent must prove fraud by clear and convincing evidence, showing *744 that petitioner acted with the specific intent to evade a tax believed to be owing. , affg. . Paragraph 7 of the answer containing allegations, which are deemed admitted, states, among other things, that petitioner used a false social security number on his 1975 income tax return and that he "fraudulently, and with intent to evade tax, did not report on an income tax return for the taxable year 1975" the sum of $14,972 received from Illinois Farmers Marketing Association. Paragraph 7 further shows that petitioner was an incorporator, director, and president of First National Management (FNM), an Illinois corporation, and that he caused FNM to pay personal expenses for him during 1975 of at least $6,993.74. This amount constituted income to him in 1975 which he did not report. He also withdrew from FNM (or caused FNM to pay him) income amounts totaling at least $27,250, which he did not report on his 1975 income tax return. The admitted paragraph also states that these failures to report income were fraudulent with intent to evade tax. While some of the admitted allegations *745 are conclusory in nature, we think they are sufficient, in the absence of any refutation of any kind by petitioner, to establish as paragraph 7 of the answer concludes, that a "part of the understatement of tax required to be shown on petitioner's income tax return for the taxable year 1975 was due to fraud." . Paragraph 8 of the petition, also deemed admitted, further establishes that petitioner was a defendant in a criminal case (United States v. Lewis F. Shelton, No. 79-30002 (Central--formerly Southern--District of Illinois)). The indictment charged petitioner with, among other offenses, willful evasion of his 1975 income taxes in violation of section 7201. After a trial on the merits, the jury rendered a verdict finding petitioner guilty of this charge. The judgment pursuant to this verdict was entered by the District Court on September 7, 1979, and was affirmed as regards petitioner's violation of section 7201 by the Seventh Circuit Court of Appeals on January 21, 1982. . As an alternative ground for granting the motion, the deemed admitted *746 facts in paragraph 8, concerning petitioner's criminal conviction for willful attempted evasion of tax, independently establish fraud. It is well established that petitioner's criminal conviction of violating section 7201, in a case involving the same parties and the same basic issue "requires application of the doctrine of collateral estoppel and that * * * at least part of any underpayment * * * must be deemed already to have been judicially determined to be "due to fraud" within the meaning of section 6653(b)," ; ; ; , affd. . We hold, therefore, that respondent has carried his burden of proving fraud, and that, as there is no genuine issue of material fact regarding fraud, the motion for partial summary judgment will be granted. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted. All references to Rules are to the Tax Court Rules of Practice and Procedure.↩